UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOLLY WOITKIELEWICZ ) | |
| ) | |
| Plaintiff ) | Case Number |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| WEST ASSET MANAGEMENT, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Holly Woitkielewicz., by and through her undersigned counsel, Bruce K. Warren, Esq. and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Holly Woitkielewicz , (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and various other state laws, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant has a registered office in the District.

### III.  PARTIES

4. Plaintiff, Holly Woitkielewicz. ("Plaintiff") is an adult natural person residing at 603 Knight Street, Miles Coty, Montana 59301. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, West Asset Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the States of Montana, Missouri and New Jersey with a physical location located at 3795 Corporate Center Drive, Earth City, MO 63045-1130, a business address of P.O. Box 790113, St. Louis, MO 63179-0113 and a registered office at 830 Bear Tavern Road, Trenton, NJ 08628.

6. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In the early part of June, 2010, Plaintiff started to receive calls from Defendant collecting on an alleged debt owed to Quest for approximately $1,081.00.

8. At that time Plaintiff informed the Defendant and their agents that she was being represented by the law firm of Persels & Associates, LLC and that they would need to contact them directly on this matter.

9. Plaintiff stated that the first call was very early in the morning and when she asked Defendant's agent if she could call her back later because she had just woke up, Defendant's agent responded by telling the Plaintiff that she could hear her TV blaring and that she was a liar.

10. Plaintiff told the Defendant again that she needed to contact Persels & Associates and gave the agent their telephone number.

11. Plaintiff continued to receive collection calls on this account.

12. On or about June 12, 2010, Persels sent a "cease and desist" letter to the Defendant informing them that they were representing the Plaintiff in her debt settlement as well as being her Limited Power of Attorney.  **See Exhibit "A" (letter) attached hereto**.

13. Defendant continued to place calls to the Plaintiff refusing to work with Persels.

14. On or about June 18, 2010, Plaintiff received another call from Defendant's agent. Plaintiff again asked them to call Persels and that they should not be calling after receiving a "cease and desist" letter.

15. Defendant claimed that they never received anything from Persels.

16. On that same day, June 18, 2010, Persels sent a second (2nd) "cease and desist" letter to the Defendant asking them to update their records to reflect their firm as the sole contact for settlement in this matter.  **See Exhibit "B" (letter) attached hereto**.

17. Defendant and their agents continued to call throughout the month of June and into July, 2010.

## COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, West Asset Management, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

18. Defendant insisted that the Plaintiff deal with this account on her own and that Persels was not going to be able to help her in this matter.

19. Plaintiff was told that she just needed to pay her debt.

20. On or about July 29, 2010, Defendant called again demanding payment, from Plaintiff and again stated that they had not received anything from Persels.

21. On that same day, Persels faxed over a third (3rd) "cease and desist" letter along with a Special Limited Power of Attorney and Authorization form to the Defendant. **See Exhibit "C" (letter, authorization and fax cover sheet) attached hereto.**

22. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

V.     **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:   August 30, 2010

BY: **/s/ Bruce K. Warren**
Bruce K. Warren, Esquire

BY: **/s/ Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff